**STATE**

v.

**Juan GARCIA.**

**No. 93–593–C.A.**

Supreme Court of Rhode Island.

Nov. 21, 1994.

Jeffrey Pine, Atty. Gen., Annie Goldberg, Aaron Weisman, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 1, 1994, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Juan Garcia, appeals from a Superior Court jury conviction on two counts of delivering heroin.

We first consider defendant's argument that the trial justice erred in overruling defense counsel's objection to a misstatement made by the prosecutor to the jury in his closing argument. The misstatement at issue related to the credibility of defendant. Defense counsel objected to the prosecutor's statement on the basis that it was incorrect, which objection was overruled by the trial justice. Defense counsel did not request a curative instruction by the trial justice either at the time of the objection or at the close of argument, nor was there any motion to pass the case for prejudice. We note, however, that the trial justice did caution the jurors immediately before closing arguments that the statements of counsel are not evidence and that the jurors' memories prevail over the lawyers' memories.

It is well settled in this jurisdiction that a defense counsel's failure to ask for a cautionary instruction does not necessarily preclude appellate review. *State v. Mastracchio,* 546 A.2d 165, 174 (R.I.1988). "Generally, however, counsel must request such an instruction." *Id.* Further, the trial justice will caution the jury or order a new trial sua sponte in those cases only wherein the prejudice cannot be eradicated from the jurors' minds and the improper material could have distracted the jurors' attention or influenced their decision concerning the defendant's culpability. *Id.* In this case, we believe that the prosecutor's comments did not so infect the jury to make the resulting conviction a denial of due process. *Id.* We therefore reject defendant's argument.

The defendant next contends that the trial justice erred in refusing to admit into evidence portions of transcripts reflecting prior inconsistent statements made by the state's witness, Officer Clarence Gough (Gough). Gough testified at defendant's bail hearing and at the probable-cause hearing. Defense counsel attempted to use statements made by Gough at the two hearings on the basis of their inconsistency. The trial justice overruled defense counsel's request on stating that the statements were not materially inconsistent.

The determination of a question of whether a prior inconsistent statement is in fact inconsistent is a matter within the sound discretion of the trial justice. *State v. Pusyka,* 592 A.2d 850, 853 (R.I.1991). In this case we do not believe the trial justice abused his discretion. Consequently we deny the defendant's appeal with respect to this issue.

After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.